IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE HECTOR GONZALEZ, <br><br> Defendant. | Cause No. CR 11-94-GF-BMM <br> CV 14-44-GF-BMM <br><br> ORDER |

This case comes before the Court on Defendant Jose Hector Gonzalez's amended motion under 28 U.S.C. § 2255 or, in the alternative, petition for writ of error *coram nobis*. At the time he submitted pro se documents to the Court, Gonzalez had discharged his prison term and was a federal immigration detainee. Counsel Dan Donovan was later appointed to represent him. The United States is represented by Assistant United States Attorney Jessica Betley.

On December 18, 2014, the United States was ordered to "take whatever measures may be available to it to avoid Gonzalez's removal while these proceedings are pending." Order (Doc. 50) at 2 ¶ 2. On December 30, 3014, however, an immigration judge sustained all but one of the allegations in the Notice to Appear issued to Gonzalez by Immigration and Customs Enforcement ("ICE") in April 2014. Decision (Doc. 64-2) at 8. On January 5, 2015, the same

1

judge ordered Gonzalez removed from the United States "to Bulbaria [sic] or in the alternative to Mexico." Order (Doc. 64-1) at 1; *cf.* Presentence Report ¶¶ 34-49 (suggesting no connection to any foreign country other than Mexico). Gonzalez was not represented by counsel in the removal proceedings. Decision at 3 para. 2.

Gonzalez's removal is troubling. His only criminal history arose from his convictions in this Court. His removal was based largely on those convictions, which he challenged in these proceedings. Gonzalez's pro se submissions to this Court raised concerns about his competence and about his sanity at the time he committed the offenses of conviction. The Court found sufficient potential merit in Gonzalez's challenge to warrant the appointment of new counsel to represent him. Order (Doc. 44).

After some delay outside the Court's control, counsel received authorization to expend significant funds under the Criminal Justice Act to obtain a forensic psychiatric evaluation. *E.g.*, Order (Doc. 50) at 2 ¶ 1. The results of that evaluation might have indicated Gonzalez was not competent at the time he pled guilty, that he was not capable of forming specific intent to defraud or misrepresent, or that he was not capable of understanding the nature and quality or the wrongfulness of his acts. *See, e.g.*, 18 U.S.C. § 17(a); 9th Cir. Jury Instrs. Crim. 6.4, 6.9 (2010); *United States v. Twine*, 853 F.2d 676 (9th Cir. 1988); *United States v. Long*, 562 F.3d 325

(5th Cir. 2009); *James v. Singletary*, 957 F.2d 1562, 1570-72 (11th Cir. 1992).

If Gonzalez was not competent, or if trial counsel unreasonably missed a potential defense, then Gonzalez's convictions might have been vacated. He is now unable to prosecute his petition, because the United States has removed him from the country in direct contravention of the Court's order of December 18, 2014.

While Gonzalez's motion or petition might not be mooted by his removal, *cf. Nath v. Gonzalez*, 467 F.3d 1185, 1188 (9th Cir. 2006); *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003), he concedes he is unable to prove sufficient facts to warrant further proceedings, Joint Status Report (Doc. 64) at 2 ¶ 3. Under the circumstances, the Amended § 2255 Petition or Petition for Writ of Error Coram Nobis will be dismissed without prejudice. Gonzalez may re-file in future should he be able to go forward.

Accordingly, IT IS HEREBY ORDERED as followed:

1. Gonzalez's pending collateral attack (Docs. 35, 47) is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court shall enter, by separate document, a judgment of dismissal in the civil action.

3. On or before **April 24, 2015**, the United States shall file and serve on counsel for Gonzalez a report of the measures, if any, that it took to avoid
3

Gonzalez's removal while these proceedings were pending. It must also advise the Court of what the United States and/or the Court must do in future to ensure a person is not removed from the country while collateral proceedings against the Court's criminal judgment are pending.

DATED this 13th day of April, 2015.

/s/ Brian Morris
Brian Morris
United States District Court Judge